UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ARTHUR F., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-1187 |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Amended Motion for Summary Judgment (doc. 19)[1] and Defendant's Motion for Summary Affirmance (doc 20). Plaintiff has filed a Reply. (Doc. 21). The matter is therefore ripe for review. For the following reasons, Defendant's motion is denied, and Plaintiff's motion is granted; this matter is remanded to the Social Security Administration's Appeals Council for further proceedings consistent with this opinion.

### BACKGROUND

"Modern-day [Social Security] claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the

---

[1] After Plaintiff filed a Motion for Summary Judgment (doc. 14), the parties came to agree that the primary issue before the Court was dismissal by the Social Security Administration's Appeals Council. (Doc. 18 at 1). They therefore jointly requested the Court permit Plaintiff to submit an amended motion addressing that issue. (Doc. 18). The instant Amended Motion for Summary Judgment (doc. 19) was submitted in accordance with the amended briefing schedule approved by the Court. (Text Order 9/3/2020).

claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). This case concerns the fourth step of this process.

Plaintiff Arthur F. filed an application for disability insurance benefits in December 2015, alleging disability beginning in June 2014. (R. at 196).[2] His application was denied initially and again on reconsideration. (R. at 135; R. at 137). Plaintiff then requested a hearing, which was held on March 26, 2018. (R. at 144; R. at 31). On August 30, 2018, the Administrative Law Judge ("ALJ") issued a partially favorable decision finding Plaintiff disabled as of May 28, 2017, but not disabled from June 22, 2014, through May 27, 2017. (R. at 10–25). The ALJ sent her decision to Plaintiff and his then-attorney, Kevin Linder, informing Plaintiff that if he disagreed with the decision, he or his representative could request Appeals Council review within 60-days of the date of notice, plus 5 days for receipt. (R. at 10–12). This made the regulatory deadline for Plaintiff to request Appeals Council review November 5, 2018. 20 C.F.R. § 404.968(a)(1).

Plaintiff, by his then-attorney, did not request Appeals Council review until after the deadline passed. (*See* R. at 6). According to Plaintiff, Attorney Linder's office sent Plaintiff an urgent email on November 5, 2018, asking him to sign and return

---

[2] Citation to "R. at __" refers to the page in the certified transcript of the record of proceedings provided by the Social Security Administration.

the Appeal Documents. (Doc. 19 at 6, Doc. 19-1 at 14). Plaintiff alleges he signed and returned them the same day (doc. 19 at 6, doc. 19-1 at 15); however, Attorney Linder did not file until the day after (R. at 6). On November 6, 2018, Attorney Linder's office faxed the agency a Request for Review and a Good Cause Letter for Late Filing. (R. at 6–7). The Good Cause Letter stated:

> "I am respectfully requesting that the Office of Appellate Operations accept the enclosed request for Review of Hearing Decision despite the fact that it is past the deadline. . .
>
> [Plaintiff] suffers from memory impairments as a consequence of his service in the United States Army. This has been documented in the Judge Zapf's decision as well as in his Veteran's Administration medical documents."

(R. at 9).

The Appeals Council found the request untimely and statement of good cause insufficient. (*See* R. at 3). Thus, in a Notice of Order dated April 1, 2019, the Appeals Council dismissed Plaintiff's appeal, stating:

> "The Request for Review was filed untimely. The last day to file the request for review was November 5, 2018. The Appeals Council received the request for review on November 7, 2018, 2 days past the filing period. The claimant provided a good cause statement for filing late. The Appeals Council has considered the statement and finds no basis to extend the time limits for review. The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner."

(R. at 3).

Plaintiff acknowledges that his request for review was filed late but argues he had good cause for the delay based on (1) his aforementioned memory impairments, or (2) his then-attorney's alleged misconduct. (*See* doc. 21 at 2–4). He moves the Court

to remand his case to the Appeals Council to "properly determine whether [he] had good cause" for missing the deadline. (Doc. 21 at 5). Defendant argues the Court should affirm the Appeals Council's dismissal. (Doc. 20 at 8).

## LEGAL STANDARD

### I. The "Good Cause" Standard

A Social Security claimant must request Appeals Council review within 60 days after the date he receives notice of the hearing decision unless the Appeals Council grants an extension. 20 C.F.R. § 416.1468(a). An extension will be granted if the claimant shows, in a written request for extension stating the reasons why the request for review was not timely filed, he had good cause for missing the deadline. § 416.1468(b). In determining whether good cause exists, the Appeals Council considers:

> (1) What circumstances kept you from making the request on time;
> (2) Whether our action misled you;
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

§ 416.1411(a). Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

> (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in your immediate family.
> (3) Important records were destroyed or damaged by fire or other accidental cause.

4

(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.
(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
(7) You did not receive notice of the initial determination or decision.
(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

§ 416.1411(b). If a claimant does not file a request for review within 60 days and the Appeals Council does not extend the deadline for good cause, the Appeals Council will dismiss the request for review. § 416.1471. Dismissal is "binding and not subject to further review" by the Social Security Administration (SSA). § 416.1472.

## II. Standard of Review

In 2019, the Supreme Court unanimously held that an Appeals Council dismissal for untimeliness (after a claimant has had an ALJ hearing on the merits) is subject to judicial review as a "final decision. . . made after a hearing" within the meaning of 42 U.S.C. § 405(g). *Smith*, 139 S. Ct. at 1771.

The standard for such review is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Id.* at 1779, n. 19. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pepper v. Colvin*, 712 F.3d 351, 361–62 (7th Cir.

2013) (quoting *McKinzey v. Astrue,* 641 F.3d 884, 889 (7th Cir.2011)). The reviewing court must not "reweigh the evidence or substitute [its] judgment" for that of the Commissioner, *id.* at 362; "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive," 42 U.S.C. § 405(g). A court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." § 405(g).

As for the scope of review, *Smith* instructs that if a court determines the Appeals Council abused its discretion in dismissing a request for review, it should generally remand to the SSA to give the agency "an opportunity to correct its own errors," rather than proceed directly to the merits of the plaintiff's appeal. *Smith*, 139 S. Ct. at 1779–1780. "Accordingly, in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance" on remand. *Id.* at 1780. "By the same token," however, "remand may be forgone in rarer cases, such as where the Government joins the claimant in asking the court to reach the merits or where remand would serve no meaningful purpose." *Id.* at 1780 n.21.

## DISCUSSION

The Court has jurisdiction to review this matter under § 405(g), because the Appeals Council's dismissal for untimeliness was a "final decision of the

Commissioner of Social Security made after a hearing," *see Smith*, 139 S. Ct. at 1771,[3] and Plaintiff's Complaint was timely filed in this Court "within sixty days after the mailing to him of notice of such decision."[4] 42 U.S.C. § 405(g).

As there is no dispute that Plaintiff's Request for Review was untimely submitted to the Appeals Council (*see* doc. 19 at 6; R. at 6–9),[5] the only issue before the Court is whether the Appeals Council erred in determining Plaintiff failed to show good cause to extend the deadline to file his Request for Review. *See Smith*, 139 S. Ct. at 1780.

## I. Memory Impairments

First, Plaintiff argues his asserted memory impairments were good cause for the delay in requesting Appeals Council review. (*See* doc. 21 at 2–3). Specifically, he argues the Appeals Council should have concluded he showed good cause based on

---

[3] Plaintiff presents in his Amended Motion for Summary Judgment specific reasons why the Court should "excuse exhaustion" and proceed to judicial review in his particular case (*see* doc. 19 at 2–7), but these case-specific arguments in favor of judicial review are unnecessary in light of the Supreme Court's holding that judicial review is available under § 405(g) where the Appeals Council dismisses a case on timeliness grounds after a claimant has received an ALJ hearing on the merits. See *Smith*, 139 S. Ct. at 1773–74.

[4] 20 C.F.R. § 422.210(c) explains that the 60-day time period referenced in 42 U.S.C. § 405(g) begins to run when an individual receives notice of the Appeals Council's decision, which date is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." The Notice of Decision in this case is dated April 1, 2019 (R. at 1), so Plaintiff is presumed to have received notice by April 6, 2019. 20 C.F.R. § 422.210(c). Plaintiff's Complaint was filed June 4, 2019, within 60 days thereafter.

[5] Although Plaintiff's Request for Review was sent only one day after the deadline expired, and recorded as received by the SSA only two days after the deadline expired (R. at 6, 3), the Court is "mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system," *Cook v. Comm'r of Soc. Security*, 480 F.3d 432, 437 (6th Cir. 2007).

7

the statement that "[Plaintiff] suffers from memory impairments as a consequence of his service in the United States Army" as "documented in the Judge Zapf's decision as well as in his Veteran's Administration medical documents." (R. at 9).

Plaintiff argues this was sufficient because there is indeed documentation of his memory issues in the Administrative Record, including complaints to his physician of continued memory problems (*see* R. at 466, 472), and a Mental Status Evaluation stating Plaintiff's "memory seemed moderately impaired" (R. at 564). But Plaintiff's medical records also caution that evidence of Plaintiff's memory impairment is not conclusive. (R. at 564 ("Please consider this diagnosis preliminary in nature due to the limited scope of this appointment. Neuropsychological testing is recommended to confirm this suspicion."); R. at 475–76 ("[Plaintiff's] memory findings should be considered a minimal estimate of his memory functions" because his "performance on a test of effort for memory tasks was below the minimum threshold" and he "exhibited errors which are unusual for organic etiology."). The ALJ found Plaintiff "moderately," but not "extremely" or "markedly," "limited in the area of understanding, remembering, or applying information." (R. at 17). On this record, it would be reasonable for the Appeals Council to conclude Plaintiff's memory issues were not so limiting he was "prevented. . . from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 416.1411(a).

Perhaps more importantly, Plaintiff "did not offer any evidence to the Appeals Council explaining *how* [memory] problems accounted for his failure to timely submit

8

a Request for Review." (Doc. 20 at 6 (emphasis added)). The cursory assertion of Plaintiff's memory problems, in general, does not explain how Plaintiff "could not have known of the need to file timely" or was "prevented. . . from filing timely," 20 C.F.R. § 416.1411(b), particularly given Plaintiff was represented by an attorney before the agency at all relevant times. For these reasons, the Court finds the Appeals Council did not abuse its discretion in concluding the submitted statement regarding Plaintiff's memory problems was not sufficient to show good cause for the delay.

## II. Attorney Misconduct

Alternatively, Plaintiff argues good cause for the delay based on his then-attorney's alleged misconduct. Plaintiff states "[t]he facts of this case are quite unusual," as Plaintiff's prior representative allegedly filed a Complaint in this Court without Plaintiff's knowledge and was suspended from practicing law soon thereafter. (Doc. 19 at 6; *see also* Text Order dated October 28, 2019). Plaintiff argues he was diligent in tracking the status of his Social Security case, and although he quickly responded to his attorney's request (on the day of the filing deadline) to sign and return the Request for Review with the expectation they were filed that same day, he later discovered, after his Complaint was filed in this Court, that his attorney had not timely submitted it to the Appeals Council and had blamed the untimeliness of the filing on Plaintiff's memory problems. (Doc. 19 at 6; Doc. 19-1 at 15; Doc. 19-1 at 1). Plaintiff states "there is proof the [a]ttorney missed the deadline, mis[led] [Plaintiff], and then was disbarred for failing to keep up with deadlines." (Doc. 21 at 4). Although he did not present this ground for good cause to the Appeals Council

9

originally, Plaintiff asks the Court to remand to the Appeals Council to determine whether he can show good cause on this basis. (*See* doc. 21 at 5).

Defendant argues because "Plaintiff never informed the Appeals Council that [Attorney] Linder's alleged misconduct was the reason why he did not timely file his Request for Review," the "Court should not consider it now." (Doc. 20-1 at 7). Alternatively, even if the Court could consider it, Defendant argues it is not a persuasive argument for good cause because Attorney Linder is "an experienced Social Security attorney" who "certainly was aware of the regulatory requirement that Plaintiff file a Request for Review within 60 days of the ALJ's decision." (Doc. 20-1 at 7). Plaintiff too, "by his own admission, knew that he had a limited time to appeal the ALJ's decision." (Doc. 20-1 at 8). Therefore, Defendant argues "Plaintiff's after-the-fact attempt to blame the late filing on his lawyer does not undercut the Appeals Council's reasonable dismissal," particularly given "Plaintiff has not offered any evidence that the agency misled him, that he was too ill to file a Request for Review, that he did not understand the regulations (indeed, he knew he had a limited time to appeal), or that his situation fell within any of the examples of good cause set forth in the regulations." (Doc. 20-1 at 7–8).

The Court will consider Plaintiff's newly asserted evidence only for the limited purpose of deciding whether remand is warranted. *Smith* does not discuss the proper scope of review where a plaintiff presents a new basis for good cause not originally presented to the Appeals Council, but it holds that a dismissal by the Appeals Council for untimeliness is a reviewable decision within the scope of § 405(g). *Smith*, 139 S.

10

Ct. at 1771. Sentence six of that section, in turn, provides a court "may at any time order additional evidence to be taken before the Commissioner of Social Security. . . upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." § 405(g). Because "a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question," *Smith*, 139 S. Ct. at 1779, the Court will not itself determine whether Plaintiff's allegations regarding his attorney's conduct amount to a showing of good cause for extension under the SSA's regulations; rather, it will consider only whether Plaintiff has presented such new and material evidence as may warrant a remand to the SSA Appeals Council.

First, the Court finds the evidence Plaintiff now presents is "new," and there is good cause for his failure to present it earlier. Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (quoting *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir.1997)). Here, Plaintiff alleges he did not learn that his Request for Review was untimely submitted nor that the Appeals Council dismissed his appeal for untimeliness until after Attorney Linder filed a Complaint (allegedly without Plaintiff's consent) in this Court. (Doc. 19-1 at 1). Indeed, a May 31, 2019, email from Plaintiff to Attorney Linder, submitted as an exhibit to Plaintiff's Motion, indicates Plaintiff was under the impression that the Appeals Council was still considering his Request for Review. (*See* doc. 19-2 at 7). Plaintiff wrote, in part, "My

11

understanding of the pending SSA Appeal is that we cannot proceed in Federal court until such time as the Appeals Panel in Alexandria, VA rules on the SSA appeal?" (Doc. 19-2 at 7). In reply, Attorney Linder described why filing a Complaint may be beneficial (in response to another part of Plaintiff's email) but failed to address Plaintiff's question or inform him that his SSA Appeal had been dismissed for untimeliness and was therefore no longer pending. (*See* doc. 19-2 at 7). Because Plaintiff appears to have been kept in the dark regarding his then-attorney's delayed submission of his Request for Review until well after the Appeals Council's dismissal, any evidence regarding the cause or circumstances of the delay was unavailable to him "at the time of the administrative proceeding." *Schmidt*, 395 F.3d at 742.

Second, the Court finds the evidence is "material," as there is at least a "reasonable probability" the Appeals Council would have reached a different conclusion had this evidence been considered. *See Schmidt*, 395 F.3d at 742. Plaintiff alleges he was diligent in keeping up with deadlines, including the one at issue, and was never informed about the lapse of time between when he signed and returned the documents to Attorney Linder's office and when Attorney Linder later faxed them to the Appeals Council with a statement attributing the delay to Plaintiff's memory problems. Although not necessarily probative of misconduct in Plaintiff's case, it is notable that Attorney Linder was later suspended from the practice of law for failing to keep his clients reasonably informed, failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, knowingly making a false statement of fact or law to a tribunal,

12

failing to correct a false statement of material fact or law made to a tribunal, and conduct involving dishonesty, fraud, deceit, or misrepresentation. (Doc. 19-2 at 9–14).[6] In sum, Plaintiff alleges he was diligent in tracking his deadlines, reasonably relied to his detriment on his then-attorney's assistance in filing his Request for Review, and was not kept reasonably informed by Attorney Linder, who has since been sanctioned for separate but strikingly similar misconduct.

To find such evidence "material," the Court need only find a "reasonable probability" the Appeals Council could find good cause to extend the deadline and accept Plaintiff's untimely Request for Review on this basis. *See Schmidt*, 395 F.3d at 742. Attorney misconduct can in some cases satisfy even the more stringent standard applied by courts for equitable tolling. *See Holland v. Fla.*, 560 U.S. 631, 649–652 (2010); *Obriecht v. Foster*, 727 F.3d 744, 749 (7th Cir. 2013) ("Under certain circumstances, attorney misconduct constitutes an extraordinary circumstance warranting equitable tolling . . . [but] a 'garden variety claim of attorney negligence' or 'excusable neglect' is insufficient."); *see also Torres v. Barnhart*, 417 F.3d 276, 283 (2d Cir. 2005) (Jacobs, J., concurring) ("[T]he Commissioner of Social Security is not constrained by the tough standard of equitable tolling, and has the power and discretion to extend the § 405(g) 60-day limitations period on a lesser showing of 'good cause.' "). The non-exhaustive list of examples set forth in the SSA's regulations also

---

[6] Attorney Linder has since been disbarred by consent. *See Att'y Registration and Public Disciplinary Rec.*, Att'y Registration & Disciplinary Comm'n of the Sup. Ct. of Illinois, https://www.iardc.org/ldetail.asp?id=781452608 (last visited March 10, 2021).

contemplate good cause for extension may lie where "unusual . . . circumstances exist . . . which prevented [the claimant] from filing timely." 20 C.F.R. § 416.1411(b)(9). Additionally, the Court is mindful that the SSA's regulations require attorneys to "[a]ct with reasonable diligence and promptness in representing a claimant" and "[m]aintain prompt and timely communication with the claimant," 20 C.F.R. § 404.1740(b)(3), and the Social Security Act "statute as a whole is one that 'Congress designed to be 'unusually protective' of claimants,' " *Smith*, 139 S. Ct. at 1776 (quoting *Bowen v. City of New York*, 476 U.S. 467, 480). In consideration of these factors in conjunction with the nature of Plaintiff's allegations, the Court finds Plaintiff's new evidence "material."

Therefore, the Court will remand this matter to the Appeals Council for consideration of whether Attorney Linder's alleged misconduct constitutes good cause for extending the deadline to file Plaintiff's Request for Review. The Court is not suggesting Plaintiff is necessarily entitled to an extension for good cause, only that he should have an opportunity to present new information regarding his attorney's conduct and the circumstances of the delay to the Appeals Council, which will employ its special "expertise in administering its own regulations" in "review[ing] application of [its 'good cause' standard] to [this] particular factual context." *Smith*, 139 S. Ct. at 1779 (quoting *City of New York*, 476 U.S. at 485).

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Affirmance (doc. 20) is DENIED and Plaintiff's Amended Motion for Summary

Judgment (doc. 19) is GRANTED; this matter is remanded pursuant to sentence six of 42 U.S.C. § 405(g) to the Appeals Council to determine whether Plaintiff can show "good cause" for untimely filing his Request for Review based on new evidence concerning his prior representation as it relates to the circumstances of the delay. Plaintiff's prior Motion for Summary Judgment (doc. 14) is DENIED as MOOT.

SO ORDERED.

Entered this 12th day of March 2021.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge